# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 4, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CARL RAMSEY,**
**Claimant Below, Petitioner**

**vs.)   No. 15-0271** (BOR Appeal No. 2049385)
(Claim No. 2011020974)

**WALLS SANITATION, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Carl Ramsey, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Walls Sanitation, Inc., by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 25, 2015, in which the Board affirmed a March 31, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's July 15, 2013, decision denying a request for referral to a neurosurgeon for a ruptured cervical disc. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ramsey, a driver, was injured in the course of his employment on December 17, 2010, when he slipped, fell backwards, and hit his head. The claim was held compensable for head contusion and post-concussion syndrome. Following the injury, Mr. Ramsey was treated by Christina Demian-Popescu, M.D., who noted on January 11, 2011, that he had returned to full time work. He reported headaches and dizziness. Cervical CT scans taken in March and April of 2011 showed no abnormal findings and an EEG was also normal. In August of 2012, Mr. Ramsey began experiencing pseudo seizures. A cervical MRI was eventually authorized by the

1

Office of Judges on May 15, 2013. The OOJ stated in its Order that the scan was necessary to rule out causation of Mr. Ramsey's symptoms. It specifically stated that it was not making a finding that he injured his cervical spine. The MRI showed large disc herniations on the left at C3-4 and C6-7. Mr. Ramsey's treating physician, John Brick, M.D., then requested a referral to a neurosurgeon for the ruptured discs. The claims administrator denied the request on July 15, 2013.

On February 27, 2013, ChaunFang Jin, M.D., performed an independent medical evaluation in which Mr. Ramsey reported that he never really had neck pain and could not pinpoint when it started. He stated that he had headaches, which sometimes started in his neck. However, he had no radiating pain and no range of motion limitations in his neck. In a supplemental report, she was asked if Dr. Brick's request for referral to a neurosurgeon was related to the claim. Dr. Jin found that it was not. She opined that the record lacks medical evidence to support that Mr. Ramsey injured his cervical spine in the course of his employment; otherwise he would have had cervical spine symptoms. Additionally, she found that there were degenerative changes on the MRI and no evidence of radiculopathy or radicular symptoms suggestive of nerve root involvement. She stated that at the time of her evaluation Mr. Ramsey did not report symptoms consistent with radiculopathy or disc herniation.

On November 15, 2013, the Office of Judges affirmed a claims administrator decision denying a reopening of the claim for temporary total disability benefits and the addition of neck pain and spells to the claim. The Office of Judges stated that though the MRI showed herniated cervical discs, it is unlikely that it is related to the compensable injury. It was determined that if the herniations were related to the compensable injury they would have been discovered much sooner via a brain scan that showed the cervical spine or clinical findings. The Order was subsequently affirmed by both the Board of Review and by this Court in *Ramsey v. Walls Sanitation, Inc.,* No. 14-0742 (May 2, 2015) (memorandum decision).

The Office of Judges affirmed the July 15, 2013, claims administrator's decision in its March 31, 2014, Order. The Office of Judges determined that while Mr. Ramsey needs to see a neurosurgeon, the appearance of the disc herniations in the neck two and a half years after the compensable injury occurred cannot be the result of the compensable injury in this case. It found that he had no neck symptoms at all until the fall of 2012 and that a herniated disc that arose as a result of the December 2010 injury would have been symptomatic immediately or shortly after the injury. The Office of Judges concluded that the appearance of the herniations more than two years after the injury supports Dr. Jin's opinion that the condition is the result of degenerative changes seen on the MRI. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 25, 2015.

On appeal, Mr. Ramsey asserts that the Office of Judges previously authorized a cervical MRI, and collateral estoppel therefore binds the parties to the findings arising from the authorized MRI. He argues that cervical disc herniations were found on the MRI and referral to a neurosurgeon is therefore medically necessary in this claim. Walls Sanitation, Inc., asserts that it is undisputed that there is no compensable cervical spine condition in the claim, and the treatment at issue cannot be authorized because it is for a non-compensable condition.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. There is no evidence in the record to show that the cervical spine is a compensable component of the claim. Additionally, Mr. Ramsey was injured in December of 2010 and developed symptoms of neck pain over two years later. It is highly unlikely, as Dr. Jin stated, that the herniations are the result of the compensable injury. Mr. Ramsey's argument that the parties are bound to the results of the MRI is meritless. The Office of Judges specifically stated in its Order that the MRI was authorized to check the optic nerve and that its Order did not hold that the cervical spine was a compensable component of the claim. Additionally, in its November 15, 2011, Order, the Office of Judges found that the cervical spine condition was not related to the compensable injury. The Board of Review and this Court subsequently affirmed the Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 4, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II